IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DIANE MILLER          )<br>                                  )<br>    Plaintiff,          )<br>                                  )<br>    v.                         )<br>                                  )<br>CAROLYN W. COLVIN, ACTING )<br>COMMISSIONER OF       )<br>SOCIAL SECURITY,       )<br>                                  )<br>    Defendant          )  | CIV. ACT. NO. 1:15-cv-336-CSC<br>              (WO) |

**MEMORANDUM OPINION**

**I. Introduction.**

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, alleging that she was unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ also denied the claim. After considering additional evidence submitted by the plaintiff, the Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner). *See Chester v. Bowen*, 792

F.2d 129, 131 (11th Cir. 1986). The case is now before the court for review pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to a United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. Based on the court's review of the record in this case and the briefs of the parties, the court concludes that the decision of the Commissioner should be affirmed.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months...

To make this determination the Commissioner employs a five step, sequential evaluation process. See 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004).  A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).  The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . .

factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III.  The Issues

**A.  Introduction**.  The plaintiff was 54 years old at the time of the hearing before the ALJ and has two years of college.  The plaintiff's prior work experience includes work as a convenience store sales manager and store clerk (R. 35),  a phone customer service representative (R. 34), a care-giver and a night audit clerk. (R. 36).  Following the administrative hearing, the ALJ concluded that the plaintiff has severe impairments of "degenerative disc disease of her cervical spine and lumbago, with resulting neuropathy; degenerative joint disease of the claimant's bilateral knees; chronic obstructive pulmonary disease; erythrocytosis; a headache disorder; thoracic neuritis; arthropathy of multiple sites; and obesity."   (R. 14) Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform some of her past relevant work.  (R. at 22)

**B.  The Plaintiff's Claims**.  The plaintiff contends that the ALJ erred as a matter of law because (1) he failed to find that the plaintiff met 20 C.F.R. pt. 404, subpt. P, app. 1, (Listing) § 3.02A of the Listing of Impairments and (2) he failed to find that the claimant's impairments did not equal a Listing.

## IV.  Discussion

A disability claimant bears the initial burden of demonstrating an inability to return to his past work.  *Lucas v. Sullivan*, 918 F.2d 1567 (11th Cir. 1990).  In determining whether the claimant has satisfied this burden, the Commissioner is guided by four factors: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability, e.g., the testimony of the claimant and his family or friends; and (4) the claimant's age, education, and work history.  *Tieniber v. Heckler*, 720 F.2d 1251 (11th Cir. 1983).  The ALJ must conscientiously probe into, inquire of and explore all relevant facts to elicit both favorable and unfavorable facts for review.  *Cowart v. Schweiker*, 662 F.2d 731, 735-36 (11th Cir. 1981).  The ALJ must also state, with sufficient specificity, the reasons for his decision referencing the plaintiff's impairments.

> Any such decision by the Commissioner of Social Security which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Commissioner's determination and the reason or reasons upon which it is based.

42 U.S.C. § 405(b)(1) (emphasis added).  Within this analytical framework, the court will address the plaintiff's claims.

**A. Listing 3.02A**. The plaintiff contends that the Appeals Council erred when it considered the plaintiff's new evidence but did not find she met Listing 3.02(A). Under that Listing, a person is disabled if she suffers from "[c]hronic obstructive pulmonary disease, due to any cause, with the $FEV_1$ equal to or less than the values specified in table I corresponding to the person's height without shoes." The ALJ found that the plaintiff has chronic obstructive pulmonary disease ("COPD"). The plaintiff is 63 inches tall without shoes. Thus, her spirometry $FEV_1$ testing values must have equaled 1.15 or less for her to meet the Listing.

The plaintiff is correct that the evidence submitted to the Appeals Council shows that on one of the spirometry tests her $FEV_1$ was 1.04. However, the Commissioner's regulations require the adjudicator to consider the highest $FEV_1$ score. *See* 20 C.F.R. Subpt P, App. 1, Listing 3.00E. *See also Deventure v. Comm'r of Soc. Sec.*, 2016 WL 492482, *6 (N.D. Ohio, Jan. 22, 2016) (Case 5:15CV872) ("the highest FEV1 value of the three testing maneuvers prevails as the determinant score."). The plaintiff's highest achieved score was 1.31. (R. 419) Thus, she does not meet Listing 3.02A.

**B. Equal A Listing**. The plaintiff contends that the "ALJ should have found that the combination of impairments that the Claimant suffers from equaled a listing." (Doc. # 15 at 9). The plaintiff does suffer from a multitude of impairments, and she argues "[i]t is difficult to imagine how anyone with these

6

multitude of severe medical conditions that so limit her ability to walk, sit, stand, breath, sleep, and concentrate is capable of doing any substantial work activity on a regular basis." (*Id*. At 11).

The plaintiff bears the burden of proving that she is disabled, and is required to produce evidence to support the claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) In the third step of the sequential evaluation process, the plaintiff must provide specific evidence that her impairment meets or medically equals a listed impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Id*.

In his decision, the ALJ stated, "[t]he claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments." (R. at 17)

> All listings were analyzed. The claimant's severe impairments have been considered individually and in combination, and these impairments do not meet or equal any of the medical listings. Further, there are no acceptable medical sources that treated her, examined her, or examined her records who have opined that her impairments meet or medically equal a listing.

*Id.*

After making this statement, the ALJ then considered under each Listing whether the plaintiff's impairments met or equaled the Listing and made specific

7

reference to the medical evidence related to the impairment. The ALJ's conclusion that the plaintiff's impairments singly or in combination do not equal a Listing is supported by substantial evidence. Moreover, the plaintiff has failed to point to any specific evidence which supports her equivalency claim on which she is not entitled to relief.

### V. Conclusion

The court has carefully and independently reviewed the record and concludes that the decision of the Commissioner is supported by substantial evidence and is due to be affirmed. Thus, this case will be dismissed with prejudice.

A separate order will issue.

Done this 2nd day of December, 2016

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE